## No. 7815.

### PETER YOUNG vs. POLICE JURY OF CONCORDIA.

While the parish of Concordia may have plenary power to make enactments for levees, and incur any expense for their construction or repairs, its police jury cannot create any valid debt for such purposes, unless, in the ordinance creating the debt, means for its payment are provided.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia. *Hough*, J.

T. P. Farrar and J. S. Boatner for plaintiff and appellant:

First—The celebrated restrictive act of 1853, which is relied on by the defendant, ought not to be applied in this case, for the following reasons, viz.:

1. This debt was not " created by an ordinance," and, therefore, no provision could be made for its payment at the time the debt arose, as provided in the act. It was, to all intents and purposes, a " *quasi contract.*"

The statute referred to was evidently enacted to prevent police juries from raising money by contract. It was certainly not intended to prevent them from causing a sudden crevasse in the levees to be promptly stopped. If they in accomplishing such a great and urgent work, had to call a meeting of the board, and make a contract, and levy a tax, all in the same ordinance, the country subject to inundation would be flooded before all these preliminaries could be gone through with.

There is no legal inhibition against the parish being made liable for work done or for benefits received.

Second—This restrictive act, being a general law, does not repeal the special act of 1829, p. 102, which gives to the parish of Concordia plenary and unlimited powers to make all such enactments with regard to roads and levees as may be deemed necessary and proper, etc. " A particular is not repealed by a general law, unless they be so repugnant that they could not, under any circumstances, stand together." 20 A. 140 ; 5 N. S. 575 ; 6 L. 135 ; 3 A. 399 ; 15 A. 383.

Under this "particular" law of 1829, then, the parish of Concordia could pass any enactments it might deem proper, in regard to levees ; could order them to ·be built, and cause taxes to be levied, either before or after the work was done, for its payment.

Third—The prescription of ten years applies to accounts stated. But if it should be held that the prescription of three years is to govern the claim sued on, and that it is not an "account stated," then we still maintain that it has not yet been accomplished as to any portion of the $1449 47 save, perhaps, on the sum of $370 57.

The act of the Louisiana Legislature of 10th June, 1863, page 5, expressly provides that prescription against debts shall not run during the existence of the late civil war. This portion of the act is certainly valid. It has been authoritatively settled that the civil war ended April 2, 1866. 12 Wallace, 700 ; 15 Wallace, 555, and 600.

Geo. W. Sawyer for defendant and appellee :

First—There is no legislative authority shown in the police jury of Concordia to contract debts in that manner, or to issue bonds, drafts, orders, or warrants of that kind. (See authorities cited above, first point). Clack vs. City of Des Moines, 19 Iowa, where this subject is fully discussed by Dillon, Justice ; Cooley on Const. Lim. page 215, where he says : " If these corporate bodies have no general power to issue negotiable securities, any one who becomes holder of such securities, even though they be negotiable in form, will take them with constructive notice of any want of power in the corporation to issue them, and cannot enforce them when that issue was unauthorized." 1 Dill. Munic. Corp. sec. 106, and pp. 196 and 211 ; Mayor vs. Ray, 19 Wall. 468 ; 14 A. 699 ; 24 A. 457 ; 23 A. 190, 232, 251 ; 15· Wall. 566 ; 13 Gray, N. H. 318 ; 46 Maine, 318 ; 7 N. H. 278 ; 26 Vt. 345 ; 11 Cal. 170 ; 35 Barb. 136 ; 5 Denio, 117 ; 19 Penn. 200 ; 5 Munic. 280 ; 1 Dill. Munic. Corp. sec. 10.

Second—Police juries cannot delegate the powers which must be exercised by their legislative branch to any of their officers or agents. Cooley Const. Lim. p. 204 ; Sedgewick on Statute Law, p. 164 ; Dill. Munic. Corp. sec. 60 ; 47 Pen. St. Rep. 21, 382 ; 17 N. Y. 454.

Nor can they validly ratify by subsequent action any thing done by another, which they only could do. 20 Cal. 96 ; 2 Kansas, 357 ; 20 N. Y. 317 ; 6 How. 432 ; 11 Wall. 176 ; C. C. 2272.

Third—A police jury cannot create a valid debt when it does not provide, in the act creating the debt, the means for paying it. Rev. Stat. of 1870, sect. 2786 ; constitution of 1852, art. 111 ; 10 A. 676 ; 23 A. 190, 232, 251 ; 24 A. 457.

Fourth—The obligations issued herein being negotiable in form were
    prescribed in five years.   C. C. 3040; 21 A. 645 ; 22 A. 76, 72; 21
    A. 611.

Fifth—There has been no suspension or interruption of prescription.
    C. C. 3578, 3520 ; 12 W. 700 ; C. C. 3519, 2997 ; 4 L. 310; 25 L. 65 ;
    20 A. 131, 280, 397, 413, 422, 565 ; C. C. 3462 ; 10 L. 569.

The opinion of the court was delivered by

MANNING, C. J.   The defendant is sued herein for $4,643.06 with
interest, being the amount of scrip or certificates of indebtedness, issued
to him and to others, of whom he is the assignee, for work done by him
and by others on the levees.   It is conceded by the plaintiff that the
evidence will not warrant a judgment for more than $1,449.47.   The de-
fendant contests the whole claim.

One of the grounds of defence is that the police jury, in creating
the debt, did not provide the means of paying it.   The plaintiff admits
that such is the fact, but insists that the act of 1829 dispenses this
parish from the necessity of providing for the payment of a levee debt
when it is contracted.   Sec. 52 of the act referred to exempts the parishes
of Concordia and Ouachita from its operation, and proceeds to enact
that the police juries of those parishes shall have plenary and unlimited
power to make such enactments with regard to roads and levees within
their respective limits, as may be deemed necessary and proper by them,
including the power to authorize the assessment and collection of any
taxes which they may deem necessary on the private land claims within
any levee district established by them to cover the expenses of leveeing
any public land included in such district, or other necessary work or
expense, authorized by their ordinances.   Sess. Acts 1829, p. 102.   The
prohibition of contracting a debt without providing for its payment is of
a later date.   Sess. Acts 1853, p. 234, now sec. 2786 Rev. Stats.

The two laws are not inconsistent.   The parish may have plenary
power to make enactments for levees, and to incur any expense for their
construction or repairs, and still be bound to provide for the payment of
a debt thus incurred simultaneous with incurring it.   The plaintiff's
counsel suggests that public policy requires the allowance of some
latitude in this matter, for it cannot be expected or intended that when
there is danger of a crevasse, the police jury of a parish must be con-
vened and the repair or strengthening of a levee be ordered, and means
provided for paying for the work, before any thing can be done for the
public safety.   We might meet this appeal for the public welfare by
saying that the legislature of a State, that is subject to inundations from
defective levees, must be supposed to have foreseen such events, and
made all the provision for them it deemed necessary, and if it is inade-

quate the remedy must be supplied by that department of the government. But it can scarcely be doubted, if a sudden emergency required work to be done and it was done, the police jury would acknowledge indebtedness for it, and could in the same ordinance provide for its payment. That police juries must provide for paying debts when they create them has been decided as often as the question has been presented. Benham v. Carroll parish, 28 Ann. 343 and cases there cited. Smith v. Madison, 30 Ann. 461. Police Jury v. Britton, 15 Wall. 566.

Judgment affirmed.